IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Civil Action No. |
| | ) | 1:05cv91-MHT-WC |
| NEAUTHOR ROBINSON | ) | (WO) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This matter is before the court on a motion by federal inmate Neauthor Robinson ("Robinson") to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.

**I.  PROCEDURAL HISTORY**

On March 13, 2003, a jury found Robinson guilty of kidnapping in interstate commerce, a violation of 18 U.S.C. § 1201(a)(1) (Count 1); interstate violation of a protection order, a violation of 18 U.S.C. § 2262(a)(2) & (b) (Count 2); using or brandishing a firearm during a crime of violence, a violation of 18 U.S.C. § 924(c)(1)(A)(ii) (Count 3), and being in possession of a firearm while subject to a protection order, a violation of 18 U.S.C. §§ 922(g)(8) & 924(a)(2) (Count 4).  On June 4, 2003, the district court sentenced Robinson to a total of 252 months' imprisonment, consisting of concurrent terms of 168 months on Counts 1 and 2, a concurrent term of 120 months on Count 4, and a consecutive term of 84 months on Count 3.  Robinson appealed, and on February 9, 2004, the Eleventh

Circuit Court of Appeals affirmed his convictions and sentence.[1]  *See United States v. Robinson*, 97 Fed.Appx. 906 (11th Cir. 2004) (unpublished opinion, No. 03-13034). Robinson did not file a petition for certiorari in the United States Supreme Court.

On February 3, 2005, Robinson filed this § 2255 motion, in which he argues the following:

1. The district court increased his sentence based on facts not found by the jury, in violation of *Blakely v. Washington*, 542 U.S. 296 (2004), and *United States v. Booker*, 543 U.S. 220 (2005).

2. His counsel rendered ineffective assistance at sentencing and on appeal by failing to raise a *Blakely*/*Booker*-type argument that the increase in his sentence based on judicial fact-finding violated his constitutional rights.

3. The provisions of 18 U.S.C. § 3582(c) vest this court with authority to reduce his sentence.[2]

The government responds that Robinson is entitled to no relief because his claims are either procedurally barred or without merit.  Robinson was afforded an opportunity to respond to the government's submission and has done so.  After careful consideration of the § 2255 motion, the submissions supporting and opposing the motion, and the record in this

---

[1]On appeal, Robinson argued that (i) there was insufficient evidence to support his convictions for interstate kidnapping and interstate violation of a protection order; (ii) the district court erred in applying the criminal sexual abuse guideline at sentencing; (iii) the district court erred in finding that he brandished a firearm; and (iv) he did not have notice that it was unlawful for him to possess a gun while subject to a protection order.

[2]Some of Robinson's claims overlap, are repetitious, or are not presented in a clear and logical fashion.  For organizational and analytical purposes, the court has recast some of his claims in a more appropriate presentation.

case, the Magistrate Judge concludes that an evidentiary hearing is not required and that, pursuant to Rule 8(a), *Rules Governing Section 2255 Proceedings in the United States District Courts*, the motion should be denied.

## II.  DISCUSSION

**A.    *Blakely v. Washington* and *United States v. Booker***

Robinson contends that the district court increased his sentence based on facts not found by the jury, in violation of *Blakely v. Washington*, 542 U.S. 296 (2004), and *United States v. Booker*, 543 U.S. 220 (2005).[3]  (Doc. No. 1 at 4-5; Doc. No. 2 at 3-9 & 11-19.)

In *Blakely*, the Supreme Court held that, other than the fact of a prior conviction, any fact increasing the penalty for a crime must be admitted by the defendant or submitted to a jury and proved beyond a reasonable doubt.  542 U.S. at 303.  In *Booker*, the Supreme Court expressly applied *Blakely*'s reasoning to the Federal Sentencing Guidelines and held that, in order to pass constitutional muster, the federal guidelines must be considered as advisory rather than mandatory.  543 U.S. at 258-59.

The Eleventh Circuit Court of Appeals affirmed Robinson's convictions and sentence on February 9, 2004.  Because Robinson did not thereafter file a petition for certiorari in the

---

[3]The district court determined that Robinson's base offense level was 27 pursuant to U.S.S.G. § 2A3.1.  The court then increased Robinson's offense level (i) by four levels because the offense involved sexual abuse committed by use of threats, *see* U.S.S.G. § 2A3.1(b)(1); (ii) by four levels because the victim was abducted, *see* U.S.S.G. § 2A3.1(b)(5); and (iii) by two levels because Robinson willfully obstructed justice during the course of the investigation or prosecution, *see* U.S.S.G. § 3C1.1.

United States Supreme Court, his conviction became final on May 9, 2004, upon expiration of the 90-day period to file a petition for certiorari with the Supreme Court.[4]  Both *Blakely* (decided June 24, 2004) and *Booker* (decided January 12, 2005) were decided after Robinson's conviction became final.  The Eleventh Circuit has held that neither *Blakely* nor *Booker* is retroactively applicable to cases on collateral review.[5]  *Varela v. United States*, 400 F.3d 864, 866-67 (11th Cir. 2005); *see In re Anderson*, 396 F.3d 1336, 1339-40 (11th Cir. 2005); *In re Dean*, 375 F.3d 1287 (11th Cir. 2004).  Therefore, Robinson's claims invoking *Blakely* and *Booker* entitle him to no relief in this collateral proceeding.

**B.     Ineffective Assistance of Counsel**

*1.     Standard of Review for Ineffective Assistance*

The Sixth Amendment right to counsel exists to protect the fundamental right to a fair trial.  To succeed on a claim of ineffective assistance of counsel, a movant must satisfy both prongs of the test set by the Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984).  The *performance* prong requires a movant to establish that counsel performed outside the wide range of reasonable professional assistance and made errors so serious that

---

[4] When a defendant does not file a petition for certiorari with the United States Supreme Court, a conviction becomes "final upon expiration of the 90-day period for seeking certiorari review.  *See Kaufmann v. United States*, 282 F.3d 1336, 1338 (11th Cir. 2002).

[5] Accordingly, this court also rejects Robinson's argument in support of his claim for relief that "The Combination of *Apprendi v. New Jersey* [530 U.S. 466 (2000)], *Blakely v. Washington*, and Precedential Cases Mandates *United States v. Booker*'s Retroactive Application." (*See* Doc. No. 2 at 11-19.)

he failed to function as the kind of counsel guaranteed by the Sixth Amendment. *Id*. at 687-89. The *prejudice* prong requires a movant to demonstrate that seriously deficient performance of his counsel prejudiced the defense. *Id*. at 687.

Under the performance component of the *Strickland* inquiry, a movant must establish that his attorney's performance "fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 688. "The proper measure of attorney performance remains simply reasonableness under prevailing professional norms." *Id*. In other words, criminal defendants have a Sixth Amendment right to "reasonably effective" legal assistance. *Roe v. Flores-Ortega*, 528 U.S. 470, 476 (2000) (quoting *Strickland*, 466 U.S. at 687).

There is a strong presumption that counsel's performance was reasonable and adequate, and great deference is shown to choices dictated by reasonable trial strategy. *Rogers v. Zant*, 13 F.3d 384, 386 (11th Cir. 1994); *see Strickland*, 466 U.S. at 689. Review of an ineffective assistance of counsel claim is conducted from the perspective of defense counsel, based on facts "as they were known to counsel *at the time of the representation*." *United States v. Teague*, 953 F.2d 1525, 1535 (11th Cir. 1992) (emphasis in original); *see Strickland*, 466 U.S. at 690.

Under the prejudice component of *Strickland*, a movant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different" *Strickland*, 466 U.S. at 694. A "reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*.

A criminal defendant's right to effective assistance of counsel continues through direct appeal. *See Evitts v. Lucey*, 469 U.S. 387, 396 (1985). Ineffective assistance of appellate counsel may be shown if the movant can "establish ... that counsel omitted significant and obvious issues while pursuing issues that were clearly and significantly weaker.... Generally, only when ignored issues are clearly stronger than those presented, will the presumption of effective assistance of counsel be overcome." *Mayo v. Henderson*, 13 F.3d 528, 533 (2nd Cir. 1994).

### 2.   *Ineffective Assistance: Failure to Raise Blakely/Booker-type Argument*

Robinson argues that his counsel rendered ineffective assistance at sentencing and on appeal by failing to raise a *Blakely/Booker*-type argument that the increase in his sentence based on judicial fact-finding violated his constitutional rights. (Doc. No. 1 at 7; Doc. No. 2 at 9-11.)

As noted above, Robinson's conviction became final on May 9, 2004, prior to the decisions in *Blakely* and *Booker*. It is well settled that an attorney's failure to anticipate a change in the law does not constitute ineffective assistance of counsel. *See, e.g., United States v. Ardley*, 273 F.3d 991, 992 (11th Cir. 2001); *Spaziano v. Singletary*, 36 F.3d 1028, 1039 (11th Cir. 1994); *Davis v. Singletary*, 119 F.3d 1471, 1476 (11th Cir. 1997); *Pitts v. Cook*, 923 F.2d 1568, 1572-74 (11th Cir. 1991). This "rule applies even if the claim based on anticipated changes in the law was reasonably available at the time counsel failed to raise

it." *Ardley*, 273 F.3d at 993 (citing *Pitts*, 923 F.2d at 1572-74).

Robinson's counsel cannot be faulted for failing to anticipate the Supreme Court's decision in *Blakely*. Nor can counsel be deemed ineffective for lacking the additional prescience to anticipate that the holding in *Blakely* would then lead to the Supreme Court's decision in *Booker* to remedy potential Sixth Amendment problems in application of the federal guidelines by declaring the guidelines advisory only – particularly because the *Blakely* opinion makes clear that it expresses no opinion on the continuing validity of the federal guidelines, *see Blakely*, 542 U.S. at 305 n.9. Consequently, Robinson has not established that his counsel's failure to raise a *Blakely*/*Booker*-type argument fell below an objective standard of reasonableness, and Robinson is entitled to no relief based on this claim. *See Strickland*, *supra*, 466 U.S. at 688.

Robinson also appears to suggest that his counsel was ineffective for failing to argue that the district court's increase of his sentence based on facts not found by the jury violated *Apprendi v. New Jersey*, 530 U.S. 466 (2000). (Doc. No. 2 at 11.) However, there was no basis for counsel to raise a claim under *Apprendi*, because the district court sentenced Robinson to a term of imprisonment within the prescribed statutory maximum for each offense. *See* 18 U.S.C. §§ 922(g)(8); 924(a)(2); 924(c)(1)(A)(ii); 1201(a)(1); & 2262(a)(2) & (b). *Apprendi* applies only where a sentencing factor increases the penalty for a crime beyond the prescribed statutory maximum. *See Harris v. United States*, 536 U.S. 545, 558 (2002); *United States v. Sanchez*, 269 F.3d 1250, 1268 (11th Cir. 2001). The fact that the

district court applied provisions of the Sentencing Guidelines to shift each sentence upward *within* the applicable statutory range did not implicate the holding of *Apprendi*. *See Sanchez*, 269 F.3d at 1261. "*Apprendi* does not apply to judge-made determinations pursuant to the Sentencing Guidelines." *Id*. at 1262. Accordingly, Robinson's counsel was not ineffective for failing to raise a claim based on *Apprendi*, and Robinson is entitled to no relief on this ground.

C.   **Relief under 18 U.S.C. § 3582(c)**

Robinson maintains that the provisions of 18 U.S.C. § 3582(c) vest this court with authority to reduce his sentence. (Doc. No. 2 at 20-21.)

Section 3582(c)(1)(A) authorizes the court to modify a term of imprisonment under certain circumstances "*upon motion of the Director of the Bureau of Prisons*." *See* § 3582(c)(1)(A)(i) and (ii) (emphasis added). However, because the Director of the Bureau of Prisons has filed no motion for reduction of sentence in this case, Robinson cannot utilize the provisions § 3582(c)(1)(A) as a vehicle to challenge his sentence.

Section 3582(c)(1)**(B)** authorizes the court to modify a term of imprisonment "to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure." Robinson does not suggest any statutory provision that expressly permits modification of his sentence. Fed.R.Crim.P. 35 allows the court to correct a sentence that "resulted from arithmetical, technical, or other clear error" within seven days

after such sentencing error, *see* Rule 35(a), or to reduce a sentence "[u]pon the government's motion," based upon a defendant's providing "substantial assistance in investigating or prosecuting another person[,]" *see* Rule 35(b). Robinson, however, does not set forth any allegations indicating how the provisions of Rule 35 might apply in his case. Thus, § 3582(c)(1)(B) does not afford him a vehicle to reduce his sentence.

Section 3582(c)**(2)** applies only to a "case of a defendant who has been sentenced to a term of imprisonment *based on a sentencing range that has constitutionally been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o)....*" (Emphasis added.) Robinson specifically argues that the remedial holding of *United States v. Booker*, 543 U.S. 220 (2005) – that the Sentencing Guidelines must be considered as advisory rather than mandatory in order to pass constitutional muster – constitutes a "lowering" of the sentencing range such as to authorize the district court to reduce his sentence under § 3582(c)(2). However, the Eleventh Circuit has held that because "*Booker* is a Supreme Court decision, not a retroactively applicable guideline amendment by the Sentencing Commission," *Booker* is "inapplicable" to motions under § 3582(c)(2). *United States v. Moreno*, 421 F.3d 1217, 1220 (11th Cir. 2005). Therefore, Robinson fails to show that § 3582(c)(2) provides a basis for him to seek a sentence reduction.

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the 28

U.S.C. § 2255 motion filed by Robinson be denied, as the claims therein entitle her to no relief.

It is further

ORDERED that the parties shall file any objections to this Recommendation **on or before February 28, 2007**.  A party must specifically identify the findings in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered.  Failure to file written objections to the Magistrate Judge's proposed findings and recommendations shall bar a party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

Done this 15th day of February, 2007.

      /s/Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE