IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, SOUTHERN DIVISION

| | |
|---|---|
| NEAUTHOR ROBINSON, ) | |
| ) | |
|    Petitioner, ) | |
| ) | CIVIL ACTION NO. |
| v. ) | 1:05cv91-MHT |
| ) | (WO) |
| UNITED STATES OF AMERICA ) | |
| ) | |
|    Respondent. ) | |

OPINION AND ORDER

On February 15, 2007, the United State Magistrate Judge entered a recommendation that the 28 U.S.C. § 2255 petition filed by petitioner Neauthor Robinson on February 3, 2005, be denied because his habeas claims entitled him to no relief. No objections were filed to the recommendation. An opinion and judgment adopting the recommendation and denying the § 2255 petition were entered by the district court on March 8, 2007. Robinson did not appeal from this judgment.

Almost a year later, on March 5, 2008, Robinson filed a pleading styled as a "Motion to File a Belated Appeal."[1] In this motion, Robinson states that he had not been timely informed that his § 2255 petition had been denied, because the attorney who represented him in the proceedings had not registered to receive notice of electronic filings and, consequently, did not receive notice of this court's judgment denying the petition. Robinson does not state when he first learned of the judgment; however, he asserts that his failure to receive timely notice of the judgment--and, consequently, his failure to file a timely appeal--constitutes "extraordinary circumstances" justifying application of principles of equitable tolling in his case. He requests

---

1. Although Robinson's motion is date-stamped "received" on March 10, 2008, the court deems it, under the "mailbox rule," filed on the date he delivered it to prison authorities for mailing, presumptively, March 5, 2008, the day that he signed it. See Houston v. Lack, 487 U.S. 266, 271-72 (1988); Washington v. United States, 243 F.3d 1299, 1301 (11th Cir. 2001).

that this court grant the instant motion for leave to file a belated appeal.

Generally, Fed.R.App.P. 4(a)(1)(B) requires that a notice of appeal in a 28 U.S.C. § 2255 proceeding must be filed within 60 days after entry of the judgment being appealed.  <u>Butcher v. United States</u>, 368 F.3d 1290, 1293 n.1 (11th Cir. 2004).  "Although the district court clerk's office is obligated to serve parties with notice of judgments and orders, '[l]ack of notice of the entry by the clerk does not affect the time to appeal or relieve or authorize the court to relieve a party for failure to appeal within the time allowed, except as permitted in Rule 4(a) of the Federal Rules of Appellate Procedure.' Fed.R.Civ.P. 77(d)."  <u>Vencor Hospitals, Inc. v. Standard Life and Acc. Ins. Co.</u>, 279 F.3d 1306, 1309 (11th Cir. 2002).

Fed.R.App.P. 4(a)(6) authorizes the district court to reopen the time for filing an appeal upon a motion "filed within 180 days after the judgment or order is entered or

within 7 days after the moving party receives notice of the entry, <u>whichever is earlier</u>."[2]  Fed.R.App.P. 4(a)(6) (emphasis added); <u>see also</u> 16A Charles A. Wright, Arthur R. Miller & Edward H. Cooper, <u>Federal Practice and Procedure</u> § 3950.6, at 228 (3d ed. 19990 ("Rule 4(a)(6)

---

2.  Rule 4(a)(6) provides as follows:

"The district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered, but only if all the following conditions are satisfied:

(A) the motion is filed within 180 days after the judgment or order is entered or within 7 days after the moving party receives notice of the entry, whichever is earlier;

(B) the court finds that the moving party was entitled to notice of the entry of the judgment or order sought to be appealed but did not receive the notice from the district court or any party within 21 days after entry; and

(C) the court finds that no party would be prejudiced."

For purposes of this order, its is necessary to discusses only the time limit provided in subpart (A) of Rule 4(a)(6).

4

provides the exclusive means for extending appeal time for failure to learn that judgment has been entered."); accord Vencor Hospitals, 279 F.3d at 1309-11.

Rule 4(a)(6) establishes an outer time limit of 180 days after entry of judgment to file a motion to reopen the time for appeal.  Vencor Hospitals, 279 F.3d at 1310; see also advisory committee's notes to 1991 amendment, Fed.R.App.P. 4.  The seven-day period specified in Rule 4(a)(6) applies only where the moving party has received notice of the entry of judgment before expiration of the 180-day period in Rule 4(a)(6); the rule does not extend the time limit for filing a motion to reopen beyond that 180-day period.  Vencor Hospitals, 279 F.3d at 1310.  Further, "nothing within Rule 4(a)(6) indicates it is permissive or that its limitations may be waived for equitable reasons.  The 180-day limitation ... is specific and unequivocal."  Clark v. Lavallie, 204 F.3d 1038, 1040 (10th Cir. 2000).

Because, "[u]nder the plain meaning of Rule 4(a)(6), district courts are authorized to reopen the time for filing an appeal based on lack of notice solely within 180 days of the judgment or order," <u>Vencor Hospitals</u>, 279 F.3d at 1310, and because Robinson's motion for leave to file a belated appeal was filed well after expiration of the 180-day period after entry of the judgment denying his § 2255 petition, his motion is untimely under Rule 4(a)(6).  <u>See</u> <u>United States v. Hughes</u>, 432 F.Supp.2d 1250, 1251 (M.D. Ala. 2006) (Thompson, J.) (denying, as untimely, prisoner's motion to reopen time for appeal where motion was filed three years after final judgment denying § 2255 habeas relief).

***

In light of the foregoing, it is ORDERED that petitioner Neauthor Robinson's motion to file a belated appeal (Doc. no. 11) is denied.

DONE, this the 13th day of March, 2008.

/s/ Myron H. Thompson
UNITED STATES DISTRICT JUDGE